NEW-YORK,
May, 1806.

Snell, Stagg,
& Co.
v.
Rich.

## Snell, Stagg, & Co. *against* Rich.

THIS was an *action on the case*. The cause was tried at the *New-York sittings*, on the 10th of *January*, 1806, before Mr. Justice LIVINGSTON.

The declaration stated that the plaintiffs were the owners of a vessel called the *Lapwing*, lying at anchor in the *East-River*, in the harbour of *New-York*, and the defendant being in possession of another vessel, called the *Amphion*, then sailing and navigating on the said river, and that the defendant so carelessly navigated and managed the said ship *Amphion*, that she run foul of the plaintiffs' vessel, carried away her bowsprit, &c. &c.

The facts stated in the declaration were proved. There did not appear to have been any carelessness to be imputed to the pilot, or the defendant, who was the master of the *Amphion*. The *Amphion* had made sail from the wharf, bound up the river to pass through the sound, and had taken on board a branch-pilot to conduct her through *Hell-Gate*. The defendant was not on board at the time the accident happened.

The judge stated to the jury that he was inclined to believe, that as the master was not on board, and the *Amphion* was under the direction and charge of the *pilot*, that no action could be maintained against the master.

The point of law was reserved, and the jury found a verdict for the plaintiffs; but it was agreed that if the court should be of opinion, on the question of law, against the plaintiffs, then a judgment of nonsuit was to be entered.

*W. Morton*, for the plaintiffs. The only question in this case is, whether the *pilot* on board of a ship has such an entire and exclusive command, and direction of the ship, that

A vessel run foul of another vessel lying at anchor, and carried away her bowsprit, and did her other injury. The vessel that caused the injury was sailing out of the harbour with a *pilot* on board, and the master was on shore, at the time of the accident. In an action brought by the owners of the injured vessel, against the master of the other vessel, it was held, that the *master* was not liable for the damage. A *pilot* while on board, has the exclusive controul and direction of the vessel, and is considered as master *pro hac vice*. *Quere*, whether the *owners* of the ship are liable for the conduct of the *pilot?*

NEW-YORK,
May, 1806.

Snell, Stagg,
& Co.
v.
Rich.

§ *Tomlin's* edi-
tion, *Voc. Pilot.*

‡ *Stone*
v.
*Cartwright.*
6 Term, 411.

the master is not to be responsible for any thing happening during the time the pilot is on board. *Jacob*, in his law dictionary,§ defines a *pilot* to be a person, who has the government of the ship *under the master.*† If this be correct, and the master has any controul over 'the conduct of the pilot, he must be answerable for his acts, and it makes no difference whether the master was on board or not.

*Bogert*, for the defendant. Every man is answerable for his own acts, or those of his agent. Here the pilot acted for the owner. The plaintiffs must look either to the pilot, or the owner. The *pilot* has the entire controul and management of the ship, and is answerable for her safety, while on board; he supersedes the master in the command. Here, in fact, the master was not on board, and the acts of the pilot, cannot, in any sense, be imputed to him. The master is an intermediate person, a middle man, against whom no action lies.‡

LIVINGSTON, J. Do you admit the *owner* to be liable?

*Bogert.* I do not mean that; but only that the intermediate person is not liable.

KENT, C. J. I shall give no opinion as to the liability of the owner.

LIVINGSTON, J. It is universally understood that the pilot, while on board, has the absolute and exclusive controul of the ship; and I am prepared to say, that if the master had been on board, he would not have been responsible.

*Per Curiam.* As the master was not on board, he, certainly, was not master at the time of the accident. The pilot must be considered as master *pro hac vice.* The defendant, therefore, is not liable as master; and it does not appear that he was owner. But we give no opinion whether the owner would be liable or not.

Judgment of nonsuit.

---

† By the laws of *Oleron*, art. 23, if a pilot failed in his duty, or the vessel miscarried, through his ignorance, he was obliged to make good all damage to the merchant, or lose his head. See *Molloy de jure maritimo*, book 2, ch. 9, § 3 and § 7. *Abbot*, 140. By the laws of most maritime states, masters of vessels are compelled to take pilots on board.